UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL COOK, #290601,

      Plaintiff,                                  Hon. Paul L. Maloney

v.                                                 Case No. 1:21-cv-613

ERIKA HUSS, et al.,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction, Appointment of Counsel, and Extension of Discovery. (ECF No. 200). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be denied.

## ANALYSIS

**I.    Motion for Preliminary Injunction**

Plaintiff seeks injunctive relief because he is dissatisfied with the speed at which prison officials are processing his legal mail. Specifically, Plaintiff complains that a recent motion he filed (ECF No. 177) was not processed and mailed to the Court quickly enough. Plaintiff alleges that he submitted the motion for mailing on July 15, 2024. The motion was received and docketed by the Court on July 24, 2024. Arguing that this alleged delay is unacceptable and deprives him of the right of access to the courts, Plaintiff requests that the Court: (1) order the Michigan Department of Corrections

-1-

(MDOC) "to no longer interfere with Plaintiff's legal mail by delaying it"; (2) order the MDOC to "immediately provide him with a "legal tablet and electronically court filing access"; and (3) order the MDOC to deliver to Plaintiff his incoming legal mail "the same day it arrives to the prison."

Injunctive relief is "an extraordinary remedy which should be granted only if . . . the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001).

If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000). Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118.

Consideration of these factors weighs heavily against Plaintiff's request. Plaintiff has failed to demonstrate that he has suffered any violation of his rights. Moreover, to the extent Plaintiff believes that his right to access the courts has been impaired, Plaintiff has the option of initiating a separate lawsuit regarding such. Thus, Plaintiff has failed to demonstrate the absence of an adequate legal remedy for the harm he has allegedly suffered or that he will suffer irreparable injury in the absence of injunctive relief. Finally, the Court finds that the public interest is not served by interfering in the day-to-day operation of the MDOC without adequate justification for doing so.

Furthermore, to the extent Plaintiff requests that the Court order the MDOC to stop interfering with his legal mail, injunctive relief is not appropriate. As courts recognize, "obey-the-law" injunctions are not proper. *See, e.g., Perez v. Ohio Bell Telephone Co.*, 655 Fed. Appx. 404, 410-11 (6th Cir., July 14, 2016) ("The Supreme Court has warned against 'sweeping injunction[s] to obey the law' and has cautioned courts about their 'duty to avoid' such orders"). Accordingly, the undersigned recommends that Plaintiff's motion for injunctive relief be denied.

## II.     Motion to Appoint Counsel and Extend Discovery

Plaintiff next moves the Court to appoint him counsel and extend discovery. Pursuant to 28 U.S.C. § 1915(e)(1), "the court may request an attorney to represent any person unable to employ counsel." In civil actions, however, the decision to grant such a request is discretionary and is generally allowed only in exceptional cases. *See*

*Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993) (the decision to deny a civil litigant's request for counsel will be overturned only when the denial of counsel results in "fundamental unfairness impinging on due process rights"); *Johnson v. City of Wakefield*, 483 Fed. Appx. 256, 260 (6th Cir., June 20, 2012) (appointment of counsel in a civil case "is a privilege that is justified only by exceptional circumstances").

When examining requests for counsel, courts consider factors such as: (1) whether the action presents a colorable claim for relief, (2) the litigant's ability to investigate crucial facts, (3) whether the nature of the evidence indicates that the truth will more likely be revealed when both sides are represented by counsel, (4) the ability of the litigant to present his case, and (5) the complexity of the legal issues presented. *See McKeeves v. Israel*, 689 F.2d 1315, 1320-21 (7th Cir. 1982); *Lavado*, 992 F.2d at 605-06.

Plaintiff's claims do not present novel or unusual legal issues and Plaintiff has demonstrated the ability to conduct discovery and file motions advancing his claims and positions. At this juncture, therefore, the Court finds absent the factors warranting the appointment of counsel. Accordingly, the undersigned recommends that Plaintiff's request for the appointment of counsel be denied. The Court likewise recommends that Plaintiff's request to extend the discovery deadline be denied as Plaintiff has failed to demonstrate good cause to do so. *See* Fed. R. Civ. P. 16(b)(4).

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Preliminary Injunction, Appointment of Counsel, and Extension of Discovery (ECF No. 200) be denied.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: August 15, 2024        /s/ Phillip J. Green
                PHILLIP J. GREEN
                United States Magistrate Judge